IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES E. SMITH** : | CIVIL ACTION NO. 1:11-CV-0264 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA, WARDEN OF THE** : | |
| **YORK COUNTY PRISON, and** : | |
| **DAUPHIN COUNTY ADULT** : | |
| **PROBATION AND PAROLE** : | |
| : | |
| Respondents : | |

## MEMORANDUM

Presently before the court are three motions filed by the petitioner, Charles E. Smith ("Smith"): (1) a motion to reopen the above-captioned matter (Doc. 11); (2) a motion to proceed *in forma pauperis* (Doc. 13); and (3) a motion to order a polygraph test (Doc. 14). For the reasons that follow, the court will deny the motion to reopen and dismiss the remaining two motions as moot.

**I.    Background**

Smith's petition arises from a purported agreement between himself and Dauphin County Prosecutor Steven Zawisky ("Zawisky"). Smith asserts that in exchange for his testimony at the Dauphin County murder trial of Marcel Williams, Zawisky agreed to dismiss all pending charges against Smith in unrelated matters and close the criminal docket in a Dauphin County simple assault case in which Smith pled guilty in February 2010. (Doc. 11-1, at 12-13). Smith contends that on the day of his testimony Zawisky reneged on his promise, instead telling Smith that

he would close the docket in the simple assault case upon Smith's satisfaction of the restitution order in that matter. (Id. at 13). Smith, claiming he had no other option, testified and was released. (Id. at 14). On January 14, 2011, Smith was arrested for an incident at his place of employment. As a result, a Dauphin County parole detainer issued; Smith's arrest violated his parole in the simple assault matter. Smith contends that, due to his agreement with Zawisky to close that matter, his detention was illegal.

Smith filed a petitions for writ of habeas corpus in the York County Court of Common Pleas (the county in which he was detained at the time) and the Dauphin County Court of Common Pleas. (Id. at 14-15). Smith simultaneously filed a petition for writ of habeas corpus and stay of extradition in this court, asserting violations of his Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 1) He expressed grave concerns for his physical safety if returned to Dauphin County Prison where inmates knew he testified against Marcel Williams. (See id.) The court appointed a federal public defender and the parties reached an agreement whereby Smith would be detained in either the York or Cumberland County Prison pending resolution of the Dauphin County parole detainer. (See Doc. 6). As a result of that arraignment, by order of the court (Doc. 9) dated February 11, 2011, this court dismissed the petition for writ of habeas corpus and stay of extradition (Doc. 1) as moot and closed the case.

On March 4, 2011, Smith filed the present motion to reopen (Doc. 11), and a motion to proceed *in forma pauperis* (Doc. 13), asserting that defendants continue to violate his due process rights under the Fifth and Fourteenth Amendments. Subsequently, on March 24, 2011, Smith filed a motion to order a polygraph test. (Doc. 14). In the latest motion, Smith states that on March 14, 2011, Dauphin County Judge Jeannine Turgeon held a hearing and dismissed the remaining charges against him, but did not close the docket in the simple assault case. (Id. ¶¶ 1, 2). Smith was released on parole and will remain on parole until he satisfies the restitution order in the simple assault case. Smith contends this is a renege of the agreement made with Zawisky, and asks that this court reopen the above-captioned matter "because it[']s obvious he will not get a chance to have his arguments heard in the common pleas court." (Id. ¶ 4). Smith has since filed for a re-hearing before the Honorable Jeannine Turgeon. (Id. ¶ 11).

## II.    Discussion

A state prisoner's federal writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 shall not be granted by the court unless the individual is in custody pursuant to a judgment of a state court, and his custody violates the Constitution, or laws of the United States. See 28 U.S.C. § 2254(a).[1] Additionally, a petitioner must establish that: (1) he exhausted his administrative remedies in the state courts, or

---

[1] The court notes that the appropriate respondent in a § 2254 action is "the state officer who has custody" of the petitioner. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts (as amended Feb. 1, 2010).

(2) "there is an absence of available State corrective process," or (3) under the circumstances, state processes are ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1).[2]  Smith is no longer incarcerated, however he remains under the supervision of Dauphin County Adult Probation and Parole until he satisfies the restitution order in the simple assault matter.  Smith's petition is not mooted by his release from incarceration.  An individual on probation or parole satisfies the custody requirement of the federal habeas corpus statute.  See Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) (citing Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004).

Although Smith is in custody for purposes of the habeas corpus statute, he has yet to exhaust his remedies in state court, a prerequisite to filing a federal habeas corpus petition.  Nor has Smith established an absence of available state processes or that such processes are ineffective.  Before a state prisoner brings an action in federal court, the state court should retain the first opportunity to address

---

[2] A state prisoner's petition for writ of habeas corpus is properly brought under 28 U.S.C. § 2254 when he is in custody pursuant to the judgment of a state court.  See Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001).  When an individual is in state custody for reasons other than a judgement of a state court, such as an individual in pretrial detention, a petition for writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241.  See Chambers v. DeRose, Civ. No. 4:10-CV-2070, 2010 WL 4623897 (M.D. Pa. Nov. 5, 2010) (pretrial detainee's petition for writ of habeas corpus properly brought under § 2241); see also Coady, 251 F.3d at 484-86 (relying on the cannon of statutory construction that the more specific statute takes precedence over the more general statute and concluding that § 2254 implements the more general grant of habeas corpus authority found in § 2241).  Smith's custody is pursuant to a state court judgment in a simple assault (see Doc. 11, at 12), therefore, his petition is properly considered under § 2254.

purported violations of a state prisoner's constitutional rights.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991).  In instances where a petitioner fails to exhaust state court remedies, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances."  Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992); see also Younger v. Harris, 401 U.S. 37 (1981).  Federal court intervention is justified only when a petitioner faces the threat of irreparable harm.  See Chambers v. DeRose, Civ. No. 4:10-CV-2070, 2010 WL 4623897, at *3 (M.D. Pa. Nov. 5, 2010) (citing Dombrowski v. Pfister, 380 U.S. 479, 482-83 (1965).

The instant matter fails to present any extraordinary circumstances to warrant the court's intervention.  Smith is actively pursing the matter at the state court level.  On March 14, 2011, Smith had a video conference hearing with the Honorable Jeannine Turgeon of the Dauphin County Court of Common Pleas.  The court dismissed the remaining charges against Smith, and Smith was released, although he remains on parole in the matter with the restitution order.  Smith contends that the continued parole and supervision by Dauphin County is a violation of his constitutional rights, and filed a motion for rehearing with Judge Turgeon, on March 14, 2011.  The state court's failure to act with the swiftness desired by Smith, neither establishes that "he will not get a chance to have his arguments heard" (see Doc. 14 ¶ 4), nor creates extraordinary circumstances to warrant this court's intervention.  Smith's petition for rehearing is currently

pending before the Dauphin County Court of Common Pleas.  This court's intervention is therefore unwarranted, and the court will decline to reopen the above-captioned matter.

### III.  Conclusion

For the foregoing reasons, the court will deny the motion to reopen (Doc. 11), and dismiss the motion to proceed *in forma pauperis* (Doc. 13) and motion to order a polygraph test (Doc. 14) as moot.

An appropriate order follows.

      S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:        April 12, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES E. SMITH** : | **CIVIL ACTION NO. 1:11-CV-0264** |
| : | |
| Petitioner : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA, WARDEN OF THE** : | |
| **YORK COUNTY PRISON, and** : | |
| **DAUPHIN COUNTY ADULT** : | |
| **PROBATION AND PAROLE** : | |
| : | |
| Respondents : | |

## ORDER

AND NOW, this 12th day of April, 2011, upon consideration of the motion to reopen (Doc. 11) the above captioned matter, the motion to proceed *in forma pauperis* (Doc. 13) and the motion to order a polygraph test (Doc. 14), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to reopen (Doc. 11) is DENIED.

2. The motion to proceed *in forma pauperis* (Doc. 13) is DISMISSED as MOOT.

3. The motion to order a polygraph test (Doc. 14) is DISMISSED as MOOT.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge